UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| JAMES PIERSON WATSON, JR. | CIVIL ACTION |
|---|---|
| VERSUS | NO: 10-491 |
| HEEREMA MARINE CONTRACTORS NEDERLAND B.V. | SECTION: "S" (1) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Motion to Remand filed by plaintiff, James Pierson Watson, Jr. (Doc. #7), is **GRANTED**, and the case is **REMANDED** to the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana.

## BACKGROUND

On December 17, 2009, plaintiff, James Pierson Watson, Jr., filed a Petition for Damages in the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana alleging claims under the Jones Act, 46 U.S.C. § 30104, *et seq.*, and the general maritime law, or alternatively the applicable foreign law, for damages he sustained when he was allegedly exposed to asbestos dust while working aboard the M/V THIALF, a Panamanian-flagged vessel that is owned by defendant, Heerema Marine Contractors Nederland B.V. ("Heerema"). Plaintiff, a citizen of Mississippi, alleges that he was employed by Heerema, a Dutch company, as a seaman/mechanic at the time of the

incident. Plaintiff claims that he was flown from his home in Mississippi to join the vessel in The Netherlands, and that the accident occurred while the vessel was moored in The Netherlands. Plaintiff also claims that the majority of his medical treatment for asbestos dust inhalation has occurred in Mississippi.

Heerema removed the action to the United States District Court for the Eastern District of Louisiana alleging that plaintiff's Jones Act claim was fraudulently pleaded because the law of the United States does not apply to plaintiff's action. Heerema argues that the only connection to the United States is that plaintiff is a citizen of Mississippi, and that this fact alone is insufficient to apply the laws of the United States in light of the foreign contacts. Further, Heerema argues that plaintiff was employed by Meridian International ("Meridian"), a manpower staffing company organized under the laws of the United Kingdom.

Plaintiff moved to remand the case to the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana arguing that he has stated a legitimate Jones Act claim. Plaintiff argues that, when all disputed issues of fact are resolved in his favor, he was employed by Heerema and there are sufficient contacts with the Untied States to establish the possibility that the law of the United States would apply to his action.

**ANALYSIS**

A case in which a plaintiff asserts a valid Jones Act claim is not removable.[1] Lirrette v. N.L. Sperry Sun, Inc., 820 F.2d 116, 117 (5 th Cir. 1987) (*en banc*). Usually, the court is limited to a review of the plaintiffs' pleadings to determine whether a Jones Act claim has been alleged. Lackey v. Atlantic Richfield Co., 990 F.2d 202, 207 (5th Cir. 1993). However, "defendants may pierce the pleadings to show that the Jones Act claim has been fraudulently pleaded to prevent removal." Id. To defeat remand, the defendant has the heavy burden of persuasion to show "either that there is no possibility that the plaintiff would be able to establish a cause of action against [the defendant] in state court; or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts." B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981). The court may use a summary judgment-like procedure to resolve fraudulent pleading claims, and in determining whether a plaintiff's claims are baseless, the "court must resolve all disputed questions of fact and any ambiguities in the current controlling substantive law in favor of the plaintiff." Burchett v. Cargill, Inc., 48 F.3d 173, 176 (5th Cir. 1995).

Heerema argues that plaintiff does not assert a valid, non-removal Jones Act claim because: (1) it was not plaintiff's employer, and (2) the law of the United States does not apply to plaintiff's suit.

---

[1] To plead a valid Jones Act claim against his employer, the plaintiff must allege that he was a seaman and was injured in the course and scope of his employment. See 46 U.S.C. § 30104. It is undisputed that plaintiff was a seaman and that he was injured in the course and scope of his employment. However, the parties dispute whether Heerema was plaintiff's employer and whether the law of the United States applies to plaintiff's action.

### A. Plaintiff's Employer

Heerema contends that plaintiff cannot allege a valid Jones Act claim against it because it was not plaintiff's employer. Heerema claims that plaintiff was employed by Meridian, and that Heerema contracted with Meridian to provide Meridian's employees to work aboard the M/V THIALF. As evidence, Heerema cites plaintiff's service contract with Meridian under which plaintiff agreed to travel to The Netherlands "to work for [Meridian's] client Heerema on board their vessel The Thailf," and Meridian agreed to pay plaintiff.

Plaintiff argues that he has alleged that Heerema was his employer, which is sufficient to state a Jones Act claim. Plaintiff contends that two nearly identical letters from Heerema dated September 30, 2009 and November 3, 2009, which state that plaintiff "is an employee of the Heerema Group of is employed on behalf of the Heerema Group" demonstrate that he was Heerema's employee. Plaintiff also argues that his employment by Heerema is evidenced by provisions of his contract with Meridian that state that Heerema is responsible for allocating and supervising the execution of his work.

Plaintiff has shown that he may have been Heerema's employee. Therefore, resolving the factual dispute in favor of plaintiff, the court is unable to find, as a matter of law, that "there is no possibility that plaintiff would be able to establish a cause of action" against Heerema under the Jones Act. B, Inc., 663 F.2d at 549.

### B. Applicable Law

Heerema argues that plaintiff's Jones Act claim is fraudulently pleaded because the Law of the United States does not apply to plaintiff's suit. Heerema contends that when the choice-of-law

4

factors for determining which national law governs a maritime action set forth by the Supreme Court of the United States in Lauritzen v. Larsen, 73 S.Ct. 921 (1953), and Hellenic Lines Ltd. V. Rhoditis, 90 S.Ct. 1713 (1970), are applied to the facts of this case, the foreign contacts outweigh the domestic contacts, indicating that the law of the United States does not apply.

The Lauritzen-Rhoditis factors are: (1) the place of the wrongful act; (2) the law of the flag; (3) the allegiance or domicile of the injured seaman; (4) the allegiance of the defendant shipowner; (5) the place where the contract was made; (6) the accessibility of the foreign forum; (7) the law of the forum; and (8) the base of operations. See Rhoditis, 90 S.Ct. at 1733-34. The test "is not a mechanical one," and "[t]he significance of one or more of these factors must be considered in light of the national interest served by the assertion of Jones Act jurisdiction." Id. at 1734. However, sometimes, the flag that the ship flies may alone be sufficient. Id.

It is undisputed that the allegiance of the defendant shipowner and the place of the wrongful act are both The Netherlands, and that the ship flies the flag of Panama. It is also undisputed that the allegiance of the injured seaman and the law of the forum are the United States.

Heerema argues that its base of operations is in The Netherlands, its contract with Meridian was executed in The Netherlands, and that The Netherlands is an accessible forum that would provide a means of recovery to plaintiff. Plaintiff argues that he executed his contract with Meridian in Mississippi, thus the place of the contract should be the United States. Plaintiff also contends that Heerema has operations and property in the United States. Plaintiff contends that Heerema's website indicates that its current major focus is in the Gulf of Mexico, and that Heerema currently

5

has several vessels and assets in the United States, including a facility in Port Fourchon, Louisiana. Plaintiff also argues that it would be inconvenient for him to litigate in The Netherlands.

When these factual disputes are resolved in favor of plaintiff, the <u>Lauritzen-Rhoditis</u> factors favoring the application of the law of the United States are: (1) the injured seaman's allegiance; (2) the law of the forum; (3) the place of the contract, (4) the shipowner's base of operations; and (5) the accessibility of the foreign forum. Therefore, Heerema has not met its burden of showing that there is no possibility that the law of the Untied States may apply, and the court is unable to find, as a matter of law, that "there is no possibility that plaintiff would be able to establish a cause of action" against Heerema under the Jones Act. <u>B, Inc.</u>, 663 F.2d at 549.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Remand filed by plaintiff, James Pierson Watson, Jr. (Doc. #7), is **GRANTED**, and the case is **REMANDED** to the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana.

New Orleans, Louisiana, this 22nd day of April, 2010.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**